**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

**ALEXANDER ANTONIO SALAZAR**          *
**MONGE,**

                                      *

      **Petitioner,**

                                      *

**v.**                                          **Civ. No. DLB-25-3826**

                                      *

**KRISTI NOEM,** *Secretary, Department of*
*Homeland Security*, *et al.*,                *

      **Respondents.**                        *

**<u>ORDER</u>**

Alexander Antonio Salazar Monge, a native and citizen of El Salvador, entered the United States through the southern border without being inspected, admitted, or paroled at some point in 2004. He was not detected or apprehended upon his arrival. He has lived in the United States ever since and has never applied for asylum or any other immigration benefit.

On November 15, 2025, Salazar was arrested by U.S. Immigration and Customs Enforcement ("ICE") during a vehicle stop in Baltimore. He was placed in removal proceedings and, according to ICE's online detainee locator, is currently being held without bond at the Krome North Service Processing Center in Miami, Florida. The government argues that Salazar is properly detained pursuant to 8 U.S.C. § 1225(b)(2)(A), a statute that does not allow those detained under its authority to receive bond hearings. *See Jennings v. Rodriguez*, 583 U.S. 281, 297 (2018).

Salazar filed a petition for a writ of habeas corpus in this Court on November 21, 2025, while he was detained at the Baltimore ICE Field Office. He seeks a declaratory judgment that his due process rights have been violated, that he is not subject to mandatory detention under § 1225(b), and that he is properly detained, if at all, only pursuant to 8 U.S.C. § 1226(a), which permits those detained under its authority to receive bond hearings. He further seeks an order

requiring the respondents to provide him a bond hearing before an immigration judge within 15 days. The Court heard argument on the petition on December 11, 2025, and the parties filed supplemental briefs on December 22, 2025.

While Salazar's petition was pending, the U.S. District Court for the Central District of California certified a nationwide class defined as "all noncitizens in the United States without lawful status who (1) have entered or will enter the United States without inspection; (2) were not or will not be apprehended upon arrival; and (3) are not or will not be subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the Department of Homeland Security makes an initial custody determination." *See* ECF 82, at 15, in *Maldonado Bautista v. Santacruz*, No. 5:25-cv-01873-SSS-BFM (C.D. Cal. Nov. 25, 2025). Salazar meets the class definition. On December 18, 2025, the *Maldonado Bautista* Court entered a final judgment declaring that members of the class "are detained under 8 U.S.C. § 1226(a) and are not subject to mandatory detention under § 1225(b)(2)" and that they are "entitled to consideration for release on bond by immigration officers and, if not released, a custody redetermination hearing before an immigration judge." ECF 94, at 2, in *Maldonado Bautista*.

Pursuant to the final judgment in *Maldonado Bautista*, Salazar is detained under 8 U.S.C. § 1226(a) and is not subject to mandatory detention under § 1225(b)(2). Accordingly, it is this 23rd day of December, 2025, in the United States District Court for the District of Maryland, hereby ORDERED that:

1) Salazar's petition for a writ of habeas corpus IS GRANTED, in that, within 15 days of the date of this Order, he shall receive an initial determination by an immigration officer regarding bond or detention;

2) If Salazar is not released on bond by the immigration officer, he is to receive a bond hearing before an immigration judge within 17 days of the date of this Order;

3) If Salazar is not provided both forms of process within the time frames ordered above, the respondents SHALL RELEASE Salazar from custody;

4) The parties SHALL FILE status updates with the Court following the proceedings before an immigration officer and an immigration judge; and

5) The Court SHALL RETAIN jurisdiction over this matter to enforce compliance with this Order.

_____
Deborah L. Boardman
United States District Judge